UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERTO CONCEPTION, 95B1174,

    Petitioner,

-v-

WILLIAM D. BROWN,

    Respondent.

---

FILED -PS/CD-O-

2007 OCT 11  PM 1: 18

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

**DECISION AND ORDER**
07-CV-214Sr

The petitioner, Roberto Conception, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Monroe County, State of New York, on May 10, 1995 was unconstitutionally obtained.[1] Petitioner was granted *in forma pauperis* status and directed to provide the Court with additional information relating to the timeliness of his petition. Petitioner's Motion for Appointment of Counsel was not previously addressed.

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The Court notes that petitioner previously filed and withdrew a petition pursuant to 28 U.S.C. § 2254 (00-CV-1014S). This fact was not apparent until plaintiff filed the instant Response, because petitioner's current filing was opened under the spelling Conception, despite his name being spelled Concepcion, and petitioner's Response is filed as Concepcion.

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It appears to the Court that, absent a basis for tolling, this petition should be barred under 28 U.S.C. § 2244(d)(1) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. According to the petition, the New York Court of Appeals denied petitioner's request for a certificate granting leave to appeal from his conviction on November 30, 1999 (Docket No. 1, Petition, ¶ 9(e)), and, therefore, petitioner's conviction became final for purposes of § 2244(d)(1)(A) 90 days after the New York Court of Appeals denied his request for leave to appeal, or on February 28, 2000. See *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir.) (citation omitted), *cert. denied,* 531 U.S. 968 (2000). Petitioner then filed a petition in this Court on or about December 5, 2000 (00-CV-1014S). Petitioner was informed by the Court that it appeared that some of his grounds for relief were unexhausted. Petitioner, as will be discussed

below, sometime thereafter advised the Court that he would like to withdraw his habeas petition. The matter was closed on May 18, 2001, a few months after his time to file the habeas petition had expired.

Petitioner's Response indicates that petitioner filed a post-conviction motion pursuant to N.Y.C.P.L. § 440.10 on June 26, 2001 and several collateral attacks thereafter.[2] However, the filing of state post-conviction motions or collateral attacks does not restart the statute of limitations period. As the Second Circuit made clear in Smith v. McGinnis, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000). Put another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired. In addition, the pendency of a federal habeas corpus proceeding does not toll the one-year statute of limitations imposed on state prisoners' habeas corpus proceedings by 28 U.S.C. § 2244(d). Duncan v. Walker, 531 U.S. 991 (2001). Since the statutory period to file a habeas petition expired before petitioner filed his collateral attacks, the tolling provision is inapplicable and the petition is untimely, absent another basis for tolling.

---

[2] His first collateral appeal was denied on September 14, 2001 and the appeal was decided on April 1, 2002; an application for a writ of error coram nobis was filed on May 3, 2005, denied on September 30, 2005, and the appeal decided December 30, 2005; another post-conviction motion pursuant to N.Y.C.P.L. § 440.10 was filed on October 11, 2005 and denied on January 26, 2006, the appeal was decided on November 6, 2006.

It appears, however, based on the information set forth in the Court's § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1) (Docket # 6)," that petitioner is claiming ineffective assistance of counsel as a basis for equitably tolling the statute of limitations, in addition to an apparent claim of actual innocence and newly discovered evidence that could not have been discovered with due diligence at the time of trial.

With regard to the issue of ineffective assistance of counsel, it appears that plaintiff, allegedly with the advice of counsel, withdrew his previous petition for habeas relief in this Court, with the expectation of amending the petition, after the statute of limitations had expired.  See Point D of Petitioner's Response to the Court's order of April 24, 2007 (Docket # 6).  The Court has reviewed petitioner's representations, and the internally conflicting information in petitioner's counsel's communications with petitioner and with the Chief Counsel for the Appellate Division Disciplinary Committee attached to petitioner's Response.  Among other things, petitioner's counsel represented to petitioner that his case was still pending in August of 2002, more than a year after petitioner's case had been closed in this Court, and represented the same again in February of 2003, and again in July of 2003 when he represented that he expected to file a motion that month.  See Exhibit D.  Petitioner's counsel thereafter, in November of 2003, represented to the Chief Counsel of the Disciplinary Committee that any future

applications would be deemed to have been filed on December 5, 2000, the date of the original petition, and that he would be happy to continue his work on a petition that would still be timely. See Exhibit E, pp.2-3. The Court cannot say, under the standards of Baldayaque v. U.S., 338 F.3d 145 (2d Cir.2003), that such behavior, which may reach the level of egregious ineffective assistance of counsel, does not provide a basis for tolling the statute of limitations in this matter.[3] Therefore, the Court directs respondent to answer petitioner's Petition and Response, specifically addressing petitioner's timeliness and efforts to exhaust his grounds for relief.

Petitioner's Motion for Appointment of Counsel is denied without prejudice as premature because there is currently insufficient information before the Court to allow the Court to determine whether counsel should be appointed.

IT HEREBY IS ORDERED as follows:

1.  Petitioner's Motion for Appointment of Counsel is denied without prejudice.

2.  Respondent shall file and serve an **answer** to the Petition and Response (Docket # 6), in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **November 16, 2007**. Further, the answer shall state whether a trial or any pre-trial or post-

---

[3] The Court does not, at this time, address the question of whether petitioner's claim of actual innocence is a "credible claim" that would provide a basis for tolling the statute of limitations independent of his claim of ineffective assistance of counsel.

5

trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the Petition and Response including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in [ct of conviction (eg, Supreme)] Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3. The Clerk of Court shall serve a copy of the Petition and Response, together with a copy of this order, by certified mail, upon respondent Superintendent of Correctional Facility and upon the Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614. To advise appropriate County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 11, 2007